McFarland, J.,
delivered tbe opinion of tbe court.
Complainants in this bill charge that one Grave, the tax assessor for the third district of Decatur county, for the year 1871, assessed certain property of theirs at the value of $29,500, and that the county court at the April term, without notice to them, and without the assessors having met to equalize the assessments as required by law, changed the valuation to $50,000; that they complained at the next term of the court, and two commissioners were appointed to reassess the property, and they fixed the value at $45,000, and it was entered on the tax lists, and the collector ivas demanding the- taxes on this valuation. The bill claims that the first valuation by Grave was never lawfully changed, and insists that they are only liable for the taxes on this value, and prays for an injunction against the excess.
The bill was properly dismissed by the chancellor. The county court did have power as a revising court to make the change in the assessment of Grave, and the meeting of the assessors for the purpose was not required. It was so enacted by the act of the thirty-first of January, 1871 [acts 1870-71, ch. 59, sec. 5], in force at the time this action of the county court took place. See T. & S. Code, sec. 587(f).
Complainants cannot object to the valuation which reduced the value to $45,000, because it was done at their instance, and enured to their benefit.
Affirm the decree with costs.